**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10238 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00068-1 |
| v. | |
| JEMUEL LUCIANO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, District Judge, Presiding

Submitted April 17, 2019**

Before: McKEOWN, BYBEE, and OWENS, Circuit Judges.

Jemuel Luciano appeals from the district court's judgment and challenges

the 6-month sentence imposed following his guilty-plea conviction for making a

false statement, in violation of 18 U.S.C. § 1001(a)(3). Luciano contends that the

government breached its obligation to recommend a sentence below the otherwise-

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

applicable Guideline range. We have jurisdiction under 28 U.S.C. § 1291, and we vacate Luciano's sentence and remand for resentencing.

Luciano did not object below to the government's sentencing recommendation, so we review for plain error his claim that the government breached the plea agreement. *See United States v. Whitney*, 673 F.3d 965, 970 (9th Cir. 2012). Under the plain language of the plea agreement, if the government determined that Luciano had provided substantial assistance, it was obligated to move the court, pursuant to U.S.S.G. § 5K1.1, "to impose a sentence below the otherwise-applicable" Guidelines range of 6-12 months. Although it filed a section 5K1.1 motion asserting that Luciano had provided substantial assistance, the government recommended a 6-month sentence that was within, rather than below, the "otherwise applicable" Guidelines range. This recommendation was a breach of the government's obligation under the plea agreement. *See United States v. Alcala-Sanchez*, 666 F.3d 571, 575-76 (9th Cir. 2012). Under the circumstances of this case, the government's breach necessitates remand. *See Whitney*, 673 F.3d at 973-74.

Given the government's breach, we vacate Luciano's sentence in order to give him the benefit of his bargain, namely specific performance of the plea agreement. *See Alcala-Sanchez*, 666 F.3d at 577. As we are required to do, we "remand for resentencing before a different district judge to eliminate impact of the

government's prior . . . breach." *Id.*; *see also Santobello v. New York*, 404 U.S. 257, 263 (1971). We "intend no criticism of the district judge by this action, and none should be inferred." *United States v. Johnson*, 187 F.3d 1129, 1136 n.7 (9th Cir. 1999)

In light of the foregoing, we do not reach Luciano's remaining argument.

**VACATED and REMANDED for resentencing before a different judge.**